IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZABETH SHOVLIN,

      Appellant                                 15cv0802
                                                            **ELECTRONICALLY FILED**
              v.

PAUL E. KLAAS, BETH ANN KLAAS,
RONDA J. WINNECOUR *Chapter 13*
*Trustee*,

      Defendants.

**MEMORANDUM ORDER**

Before the Court is an appeal from the United States Bankruptcy Court of the Western District of Pennsylvania. The appeal has been filed by a Creditor in the bankruptcy case who disagrees with a June 4, 2015 Bankruptcy Court Order denying a Motion to Dismiss, which the Creditor joined in the underlying matter. For the reasons that follow, this Court will affirm the June 4, 2015 Order of the Bankruptcy Court.

**I. Jurisdiction and Standard of Review**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). A district court sits as an appellate court in bankruptcy proceedings. *In re Michael,* 699 F.3d 305, 308 n.2 (3d Cir. 2012); see also *In re Professional Management*, 285 F.3d 268 (3d Cir. 2002) (a district court's jurisdiction is proper as an appeal of the final order of the bankruptcy court under 28 U.S.C. §158(a)).

When reviewing a final order entered by a Bankruptcy Court the District Court follows these standards of review:

First, the Court reviews the Bankruptcy Court's findings of fact under a "clearly erroneous" standard, and reviews its legal conclusions *de novo*. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). This Court cannot disturb the factual findings of a bankruptcy court unless they are clearly erroneous. *Accardi v. IT Litig. Trust (In re IT Group, Inc.)*, 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); *see also Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

Second, this Court exercises plenary, or *de novo*, review over any legal conclusions reached by the bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers*, 197 F.3d at 80.

Third, if the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The Court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.,* 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

**II. Factual and Procedural Background**

Paul and Beth Klaas ("Debtors") incurred substantial business and personal debt, including three mortgage liens against their home. On December 31, 2009, Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §101 *et seq.* ("Bankruptcy Code"). Case. no. 09-29574-GLT (hereinafter, "Bkrptcy. Dkt.") at doc. no. 1. On January 23, 2011, Debtors filed their amended Chapter 13 Plan ("the Plan"). Bkrptcy. Dkt. at doc. no. 102. The Bankruptcy Court confirmed the Plan by way of an Order dated March 14, 2011. Bkrptcy. Dkt. at doc. no. 106. This same Order allowed Creditors or other parties in interest to file objections to the Order within 28 days, noting that a failure to file a timely objection would be "deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan." Id., p. 2.

The Plan required Debtors to make sixty (60) monthly payments in the amount of $3,017 per month. Bkrptcy. Dkt. at doc. no. 102. The Plan also provided for payment of Debtor's secured claims, including the cure and reinstatement of their mortgage loans, and the creation of an estimated pool of $8,837 for distribution to unsecured creditors. Id.

The largest unsecured creditor was Guy Petrone. See doc. no. 10, p. 15-16; and claim no. 31-1. His claim consisted of a joint debt owed by the Debtors and an additional amount for which only Mr. Klaas was liable. See claim no. 31-1. On March 21, 2014, upon Mr. Petrone's

death, the claim passed to his daughter, Appellant, Elizabeth Shovlin. Bkrptcy. Dkt. at doc. no. 132.

On February 22, 2010, Mr. Petrone appeared at the Meeting of Creditors held in relation to this bankruptcy matter. Bkrptcy. Dkt. at doc. no. 23. The Trustee has indicated that Mr. Petrone did not question Debtors during this meeting, nor did he file any objections to the Plan. Doc. no. 9, p. 5. At no time during the pendency of this bankruptcy proceeding, did Mr. Petrone or Appellant file an objection to the Plan. See id., and Bkrptcy. Dkt., generally.

Following the Plan's confirmation, the bankruptcy proceeded as the bankruptcy judge noted, "uneventfully." Doc. no. 1-1, p. 3. However, the Trustee noted in her Brief that during the sixty-month bankruptcy period, "Debtors paid consistently and substantially complied with the requirements . . . [but t]hey did miss a payment during the plan term which caused . . . their plan base to run short at the end of their plan term (month 60). Doc. no. 9, p. 5.

This shortage – identified as a material default – caused the Trustee to file a Motion to Dismiss the bankruptcy case. Bkrptcy. Dkt. at doc. no. 137. The Motion to Dismiss noted that sixty-one months had elapsed since the case was filed, and an additional $1,123 was needed to complete the Plan funding. Id., p. 1. The Motion further indicated that the Trustee would withdraw the Motion to Dismiss, if the Debtors remitted sufficient funds to complete the Plan. Id. Appellant joined the Trustee's Motion. Bkrptcy. Dkt. at doc. no. 140.

In Response to the Motion to Dismiss, Debtors indicated that they would complete the funding of their Plan by March 25, 2015, which was the date the Bankruptcy Court set for a hearing on the Trustee's Motion to Dismiss. Bkrptcy. Dkt. at doc. nos. 138, 139. On March 18, 2015, the Trustee filed an Interim Notice of Cure of Arrears. Bkrptcy. Dkt. at doc. no. 145.

According to both the Bankruptcy Court Judge and the Trustee, Debtors paid their arrearage prior to the hearing on the Motion to Dismiss.[1] At the Motion to Dismiss hearing, held on March 25, 2015, the Trustee reported to the Court that Debtors had paid their remaining Plan obligations, and she withdrew her Motion to Dismiss.

However, Appellant argued in favor of the Motion to Dismiss, contending that because a portion of a Plan payment (meaning $1,123) was made in month 63, the Debtors were ineligible for discharge under Section 1322(d), and she urged the Bankruptcy Court to dismiss Debtors' bankruptcy case. Appellant also urged the Court to dismiss Debtors' bankruptcy case arguing that Debtors had not timely completed their post-petition debtor education course.[2]

The Bankruptcy Court declined to dismiss Debtors' bankruptcy case for either reason. Appellant now appeals the Bankruptcy Court's decision, and argues the same two bases for dismissal of the Debtors' bankruptcy case before this Court.

**III. Legal Analysis**

There are no factual disputes present; rather, the issues raised by Appellant are purely legal in nature. Thus, the Court exercises plenary review over any legal conclusions reached by the Bankruptcy Court.

---

[1] Per the Bankruptcy Court Judge, Debtors paid the requisite $1,123 on March 16, 2015, which is supported by the bankruptcy docket entry at number 145. In addition, Debtors made an additional payment on March 24, 2015, in the amount of $1,542 for the legal fees of Debtor's counsel. See Bkrptcy. Dkt. at doc. no. 146. Thus, it is clear from the record that Debtors cured their $1,123 arrearage prior to the Bankruptcy Court's hearing on the Trustee's Motion to Dismiss.

[2] The Bankruptcy docket shows that: (1) the Financial Management Course Certificate for the completion of the course was received on 02/27/2015 filed by Debtor Paul E. Klaas (see Bkrptcy. Dkt. at doc. no. 146, 148); and (2) the Financial Management Course Certificate for the completion of the course was received on 02/27/2015, filed by Joint Debtor Beth Ann Klaas (see Bkrptcy. Dkt. at doc. no. 147). Docket entries 146, 147, and 148 were filed on March 24, 2015.

A.  **Statutory Construction Argument**

Appellant's first argument is that Section 1322 of the Bankruptcy Code specifically limits a debtor's plan to a sixty-month repayment period. Appellant argues that because $1,132 was paid in month 63 to fulfill the Plan, the Debtor's bankruptcy case must be dismissed per Section 1322.

Section 1322 of the Bankruptcy Code is entitled "Contents of Plan" and reads in relevant part as follows:

> (d)(1) If the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than—
>
> > (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
> >
> > (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
> >
> > (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $6751 per month for each individual in excess of 4,
>
> the plan may not provide for payments over a period that is longer than 5 years.
>
> (2) If the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is less than –
>
> > (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
> >
> > (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
> >
> > (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $6751 per month for each individual in excess of 4,

the plan may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than 5 years.

11 U.S.C. A. § 1322(d).

Once a plan is established in accordance with Section 1322, a Bankruptcy Court decides whether to confirm that plan. Section 1325 provides parameters under which the Bankruptcy Court may confirm proposed plans. Section 1325 of the Bankruptcy Code is entitled "Confirmation of Plan" and reads in relevant part as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if –
>
> > (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title; . . .

11 U.S.C. A. §1325(a)(1).

Appellant argues that the plain meaning of the words set forth in Sections 1322 and 1325 explicitly prohibit a debtor from making a plan payment beyond the sixty-month time period. See doc. no. 6, p. 12-13. In *United States v. Cooper*, the United States Court of Appeals for the Third Circuit summarized the rules of statutory construction:

> It is well settled that "[t]he first step in interpreting a statute is to determine 'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" *Valansi v. Ashcroft*, 278 F.3d 203, 209 (3d Cir.2002) (quoting *Marshak v. Treadwell*, 240 F.3d 184, 192 (3d Cir. 2001) (internal citations omitted)). "Where the language of the statute is clear . . . the text of the statute is the end of the matter." *Steele v. Blackman*, 236 F.3d 130, 133 (3d Cir. 2001). However, if the language of the statute is unclear, we attempt to discern Congress' intent using the canons of statutory construction. *Ki Se Lee v. Ashcroft*, 368 F.3d 218, 222 (3d Cir. 2004) (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 447–48, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). If the tools of statutory construction reveal Congress' intent, that ends the inquiry. *Id.* (citing *Valansi*, 278 F.3d at 208 (quoting *Bell v. Reno*, 218 F.3d 86, 90 (2d Cir. 2000))). If, on the other hand, we are unable to discern Congress' intent using tools of statutory construction, we generally defer to the governmental agency's reasonable interpretation. *Id.*; see generally,

> *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

396 F.3d 308, 310-11 (3d Cir. 2005).

Turning to the two statutes at issue here, the Court concurs that "the language at issue has a plain and unambiguous meaning" with regard to the number of months that Debtors' Plan could encompass when it was submitted and confirmed. Under Section 1322, Debtors had to submit a plan that called for no more than sixty monthly payments. Debtors' Plan called for sixty monthly payments and thus, their Plan complied with Section 1322.

Similarly, Section 1325 prohibited the Bankruptcy Court from confirming the Debtors' plan if it did not comply with the sixty monthly payments requirement. Because the Debtors' Plan in this case complied with the sixty monthly payments requirement and because there were no objections to the Plan, the Court properly confirmed it.

Appellant confuses the plain meaning of Section 1322 and 1325 with the statute governing dismissal of a bankruptcy case – Section 1307. In order to dismiss a bankruptcy case, the Bankruptcy Court must adhere to Section 1307 of the Bankruptcy Code which is entitled "Conversion or Dismissal" and reads in pertinent part as follows:

> (c) . . . [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court ***may*** convert a case under this chapter to a case under chapter 7 of this title, ***or may*** dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including –
>
> \*   \*   \*
>
> (6) material default by the debtor with respect to a term of a confirmed plan; . . . .

11 U.S.C.A. § 1307 (emphasis added).

In this case, the Trustee filed a Motion to Dismiss in accordance with Section 1307, when she noted that the "plan base" – *i.e.,* the total sum of money that was expected to be paid over the sixty-month life of Debtors' Plan – was in default at month sixty. As the Trustee explained in her brief on this matter, it is her "standard practice . . . to move for dismissal when a material default arises, and to withdraw motions to dismiss when debtors have cured the precipitating default." Doc. no. 9, p. 10. Here, the Trustee followed her "standard practice," meaning she moved for dismissal and then withdrew the Motion to Dismiss as soon as Debtors paid the balance due on their plan base. The payment was made in month sixty-three.

In addition, the Bankruptcy Court's Order confirming Debtors' Plan states:

> The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. . . .

Bkrptcy. Dkt. at doc. no. 106, p. 2 (italics in original). Thus, the Trustee was obligated to file such a Motion to Dismiss, but notably, in this case, the Trustee did not file an Affidavit of Default, and therefore, Debtors' bankruptcy case was not dismissed without a hearing. This, in turn, enabled the Trustee, at the hearing, to withdraw her Motion.

Notably, Section 1307, the Section of the Bankruptcy Code governing the criteria for dismissal, indicates that the Bankruptcy Court <u>may</u> dismiss a bankruptcy case for cause (such as a material default) when the Court deems it appropriate to so. This Court concurs with the case law as cited by the Trustee in her brief on this matter, that "[t]he sections for [plan] confirmation and modification are distinct from [Section] 1307, which governs conversion and dismissal." Doc. no. 9, p. 10, quoting *Henry v. Marshall,* 368 B.R. 696, 711 (N.D. Ill. 2007).

9

This Court, in considering Appellant's argument and the Trustee's position finds *In re Henry* to be instructive and its rationale sound.³ In *In re Henry*, the Court made a distinction between a situation when a confirmed plan, due to <u>unknown</u> circumstances prior to the plan's confirmation, requires more than 60 months to complete; and, when it is known, prior to confirmation, that a plan will take more than 60 months to complete. The distinction lies with circumstances that a Bankruptcy Court can anticipate and those it cannot when it confirms a plan.

The District Court in *In re Henry* noted, and then reasoned, as follows:

> Bankruptcy courts have not come to a consistent conclusion as to whether § 1322(d) or § 1329(c) require dismissal of a Chapter 13 case for cause when a confirmed plan, due to circumstances unknown to the debtor prior to the plan's confirmation, requires more than 60 months to complete. Some bankruptcy courts have granted motions to dismiss where payments will continue beyond the five year limit imposed in § 1322(d). See *In re Roberts*, 279 B.R. 396 (1st Cir. BAP 2000) (debtor's failure to pay IRS tax claims in full within five years warranted dismissal under § 1307); *In re Goude*, 201 B.R. 275, 276 (Bankr. D. Or. 1996) ("Since the maximum time allowed to complete the payments under a Chapter 13 plan has expired, this case must be dismissed"); *In re Jackson*, 189 B.R. 213, 214 (Bankr. M.D. Ala.1995) (pointing to the clear language of 11 U.S.C. § 1322(d)); *In re White*, 126 B.R. 542 (Bankr. N.D. Ill. 1991) (granting motion to dismiss pursuant to § 1307(c)(6)); *In re Woodall*, 81 B.R. 17 (Bankr. E.D. Ark. 1987) (granting motion to dismiss where claims for post-petition taxes extended the payments of a Chapter 13 plan beyond five years). Like Judge Hollis, however, other bankruptcy courts have come to the opposite conclusion. See *Brown*, 296 B.R. at 22 (noting that "while the court may not confirm a plan which is to run for more than 60 months, nothing in the Code mandates dismissal of a case with a confirmed plan which ends up needing some extra time to complete"); *In re Aubain*, 296 B.R. 624 (Bankr. E.D. N.Y. 2003) (allowing debtor to cure a default on his already-scheduled payments, even where the 60–month time period had elapsed); *In re Harter*, 279 B.R. 284 (Bankr. S.D. Cal. 2002) (allowing debtor to complete his Chapter 13 plan within a reasonable time period beyond the maximum five-year plan period provided in § 1322(d)); *In re Linzy*, 2002 WL 32114564, *4 (Bankr. E.D.

---

³ This Court notes that there is no case within the Third Circuit which has analyzed these three Sections of the Bankruptcy Code (Sections 1322, 1325, and 1307) when a sum less than the amount of a monthly plan payment has been paid by a debtor after the sixtieth month of the debtor's confirmed plan.

> Ark. 2002) (denying modification of a plan to exceed five years, but noting that "[w]hile this provision mandates a maximum length for chapter 13 plans before they can be confirmed, it does not provide that chapter 13 cases must be dismissed if they do in fact extend beyond a five-year period"); *701 *In re Black*, 78 B.R. 840, 842 (Bankr. S.D. Ohio 1987) (finding that "while Congress' intention to prohibit lengthy plans is evidenced in its legislative history, case precedent and the Code, § 1322(c) cannot serve as statutory support for the dismissal of a properly-confirmed plan whose payments have continued beyond five years"). The *Brown* court rejected *Jackson* for its inability to distinguish between criteria for confirmation (§ 1322(d)) and criteria for dismissal (§ 1307(c)). 296 B.R. at 22. The *Harter* court distinguished *Goude*, noting that it was no longer good law in the Ninth Circuit and, even if it was, it could be distinguished on the basis that the debtors in *Goude* indicated that they were unable to make up the short fall in their plan payments. 279 B.R. at 287.

368 B.R. at 700-01 (footnote omitted).

Although Sections 1322 and 1325 prohibit a debtor and a Bankruptcy Court from knowingly proposing and confirming a plan that extends beyond five years (*i.e.,* sixty months), these Sections of the Bankruptcy Code do not mandate dismissal of a bankruptcy case if a debtor needs a reasonable period of time to cure an unanticipated arrearage incurred during the sixty-month plan period.

More importantly, this Court concurs with the District Court's conclusion in *In re Henry,* when that Court stated that "the decision to convert or dismiss a Chapter 13 case pursuant to [Section] 1307(c) is a matter of discretion for the bankruptcy court." *Id.* at 701 (internal citations omitted). Accordingly, this Court agrees that the plain meaning of Section 1307 gave the Bankruptcy Court the discretion to dismiss Debtors' case, but did not require the Bankruptcy Court to do so. The Bankruptcy Court is only bound not to confirm a plan when it can anticipate that a plan will extend beyond sixty months. Here, there was no way the Court could have anticipated that Debtors would need an additional two and one-half months to cure an arrearage incurred during the sixty-month period. It is undisputed that the arrearage totaled $1,123, and

that this arrearage was promptly paid before the Bankruptcy Court held a hearing on Trustee's Motion to Dismiss.

Moreover, the legislative history, as referenced by many of the parties to this case, indicates that Section 1322(d) which governs the Plan's duration, was created to protect the debtor from become a "wage slave." Thus, it would be inconsistent to utilize Section 1322(d) in such as way so as to dismiss Debtors' plan for relief after they made five years' worth of payments on their plan and cured their arrearage (an amount which was less than one-half of one of the sixty monthly payments) in a reasonable period of time which did not adversely affect any creditor.

In sum, this Court finds that given the uncontested facts present in this case, the Bankruptcy Court had discretion under Section 1307 to deny the Motion to Dismiss argued by Appellant. There is no legal error, and thus no basis to grant Appellant the relief sought.[4]

### B. The Debtor Education Deadline Argument

Appellant next argues that Debtors' case should have been dismissed by the Bankruptcy Court because Debtors failed to complete a financial education course on or before the date upon which their final payment was due under their Plan, and because they failed to timely file a certificate of completion for the course.

---

[4] Appellant also argued that in addition to the statutes requiring dismissal of the bankruptcy case, the Bankruptcy Court's Order confirming the Plan (Bkrptcy. Dkt. at doc. no. 106, p. 2) required the Bankruptcy Court to dismiss the Debtors' case. This Court notes that the subsection of the plan confirmation Order which calls for immediate dismissal (quoted above), indicates that immediate dismissal only occurs when the Trustee files and serves an Affidavit of Default. An Affidavit of Default was not filed in this case; and moreover, the Trustee indicated in her Motion that she would withdraw the Motion to Dismiss upon Debtors' payment of the amount in arrears ($1,123). The Trustee's Motion to Dismiss was filed on January 29, 2015, and payment curing the arrearage was made on March 16, 2015. The Trustee formally withdrew her motion during the March 25, 2014 hearing.

In relation to this argument, when entering its Order denying the Motion to Dismiss, the Bankruptcy Court held: (1) failure to file a statement of completion doid not warrant a dismissal of the Debtors' bankruptcy case, it would only impact their eligibility for discharge; (2) Debtors in this case were not delinquent in either attending the educational course, nor in filing their statement of completion; and (3) even if Debtors had been delinquent, the Bankruptcy Court could extend the deadline as noted in Fed.R.Bankr.P. 1007(c) and 9006(b)(3). [5]

---

[5] Rule 1007 states in pertinent part :

> (b) Schedules, statements, and other documents required
>
> \* \* \*
>
> > (7) Unless an approved provider of an instructional course concerning personal financial management has notified the court that a debtor has completed the course after filing the petition:
> >
> > > (A) An individual debtor in a chapter 7 or chapter 13 case shall file a statement of completion of the course, prepared as prescribed by the appropriate Official Form;
> >
> > \* \* \*
>
> (c) Time limits
> . . . In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 60 days after the first date set for the meeting of creditors under § 341 of the Code, and in a chapter 11 or 13 case no later than the date when the last payment was made by the debtor as required by the plan or the filing of a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7). . . .

Fed.R.Bankr.P. 1007.

Rule 9006 states in relevant part:

> (a) Computing time
>
> \* \* \*
>
> (b) Enlargement
>
> \* \* \*
>
> > (3) Enlargement governed by other rules
> > . . . [T]he court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under § 1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

The Court agrees with the Bankruptcy Court on all three grounds. First, there is no requirement that this case be dismissed given the uncontested facts presented herein if, in fact, Debtors failed to file a statement of completion. Second, given the record, it does not appear to this Court as though Debtors were delinquent in attending the educational course. Third, even if Debtors had been delinquent in filing their statement of completion for the course, the Bankruptcy Court could have extended the deadline in accordance with Fed.R.Bankr.P. 1007(c) and 9006(b)(3) and indicated same in its own Order of Court (doc. no. 1-1). Accordingly, the Court will affirm the Bankruptcy Court's June 4, 2015 Order in this regard as well.

**IV. Conclusion**

AND NOW, this 28th day of August, 2015, based on the foregoing law and authority, the Court hereby **AFFIRMS** the June 4, 2015 Order of the Bankruptcy Court denying the Motion to Dismiss.

**SO ORDERED**, this 28th day of August, 2015.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

---

Fed.R.Bankr.P. 9006.